**EXHIBIT 1**

# MINNESOTA
## BOARD OF MEDICAL PRACTICE

**PERSONAL AND CONFIDENTIAL**

June 22, 2020

Scott M. Jensen, M.D.
9375 Pierson Lake Drive
Chaska, MN 55318

RE:   Complaints regarding COVID-19 public statements
        Board File Nos: BFA05200976, BFA0520977

Dear Dr. Jensen:

The Board has received complaints regarding public statements you made related to COVID-19. In accordance with Minnesota law, the Board is required to make inquiries into all complaints and reports wherein violations of the Medical Practice Act are alleged, including but not limited to Minn. Stat. § 147.091, subd. 1(g).

Please respond, in writing, to the following complaint summary/allegations:

- *It is alleged that you were "spreading misinformation [regarding COVID-19] on a regional tv station [i.e., KXJB-TV]," claiming that the Minnesota Department of Health instructed providers to list COVID-19 as the cause of death on death certificates regardless of whether a patient died of COVID-19; and*
- *It is alleged that you also provided "reckless advice [regarding COVID-19] over social media," stating that COVID-19 "is nothing more than the flu."*

**With your response, please include any relevant documentation you have received from the Minnesota Department of Health regarding COVID-19, and any other materials that you would like the Board to consider in its review of this matter.** You may provide this information via first class U.S. Mail, e-mail, or CD-ROM. Please refer to the file number listed above in all correspondence.

Your written response and supporting materials are due by **July 22, 2020.**

Once all of the information has been gathered, the complaints will be reviewed by the Board's Complaint Review Committee. This Committee is made up of three members of the Board, including two physicians and one public member. The Complaint Review Committee may decide to dismiss the complaints, request further information, or request that you appear to discuss the matter in person.

Please note that these are allegations only. The Board makes no assumptions regarding the truth of these allegations. Your response and all data collected during this inquiry are confidential and cannot be disclosed to anyone, except other state boards and state agencies.

Page 2

I must inform you that, as a licensee of the Board, you are required to cooperate fully with the investigation into this matter. Failure to cooperate could result in disciplinary action by the Board.

Thank you for your cooperation. If you have any questions, please feel free to contact me.

Sincerely,

Brian Anderson
Medical Regulations Analyst
612-548-2141
Brian.Anderson@state.mn.us

PR-2

# MINNESOTA
## BOARD OF MEDICAL PRACTICE

**PERSONAL AND CONFIDENTIAL**

July 27, 2020

Scott M. Jensen, M.D.
9375 Pierson Lake Drive
Chaska, MN 55318

RE: Complaints regarding COVID-19 public statements
Board File Nos: BFA05200976, BFA05200977

Dear Dr. Jensen:

As you will recall from previous contact, the Board of Medical Practice has conducted an investigation of two complaints that were filed against you in relation to public statements you made regarding COVID-19.

After a thorough review of both the Medical Practice Act and the facts of the situation, including those that you have provided, the Board has decided to dismiss the complaints and close its investigation at this time.

Thank you for your cooperation in this matter. If you have any questions, please feel free to contact me.

Sincerely,

Brian Anderson
Medical Regulations Analyst
612-548-2141
Brian.Anderson@state.mn.us

**EXHIBIT 2**

# **MINNESOTA**
## BOARD OF MEDICAL PRACTICE

### PERSONAL AND CONFIDENTIAL

*Received 9/3/20*

September 1, 2020

Scott M. Jensen, M.D.
9375 Pierson Lake Drive
Chaska, MN 55318

RE:  Notice of Complaint Regarding COVID-19
Board File No: BFA07200078

Dear Dr. Jensen:

Pursuant to Minn. Stat. § 214.103, the Board is required to notify licensees regarding all complaints and reports wherein violations of the Medical Practice Act are alleged, including but not limited to Minn. Stat. § 147.091, subd. 1(g) and (k). Therefore, please accept this as notice that the Board has received a complaint alleging that you "[continue] to mislead" and "lie" to the public about COVID-19.

The complaint includes the following specific allegations:

- *On July 20 and 21, 2020, you posted Facebook videos that contain false and misleading information and conclusions;*
- *You falsely compare and minimize the difference between the 2009 H1N1 pandemic and COVID-19;*
- *You are a "danger to public health."*

If you would like to submit a written response regarding the above-referenced allegations and any supporting materials, please do so by **September 21, 2020**. Please include the board file number listed above on all correspondence.

Once all of the information has been gathered, the matter will be reviewed by the Board's Complaint Review Committee. This Committee consists of three members of the Board, including two physicians and one public member. The Complaint Review Committee may decide to dismiss the complaint, request further information, or request that you appear before the Committee to discuss the matter in person.

Please note that these are allegations only. The Board makes no assumptions regarding the truth of these allegations. Your response and all data collected during this inquiry are confidential and cannot be disclosed to anyone, except other state boards and state agencies.

I must inform you that, as a licensee of the Board, you are required to cooperate fully with the investigation into this matter. Failure to cooperate could result in disciplinary action by the Board.

Thank you for your cooperation. If you have any questions, please feel free to contact me.

Page 2

Sincerely,

Brian Anderson
Medical Regulations Analyst
612-548-2141
Brian.Anderson@state.mn.us

# **M** MINNESOTA
## BOARD OF MEDICAL PRACTICE

**PERSONAL AND CONFIDENTIAL**

October 28, 2020

Scott M. Jensen, M.D.
9375 Pierson Lake Drive
Chaska, MN  55318

RE: Complaint regarding COVID-19
Board File No:  BFA07200078

Dear Dr. Jensen:

As you will recall from previous contact, the Board of Medical Practice has conducted an investigation of a complaint regarding your public statements about COVID-19.

After a thorough review of both the Medical Practice Act and the facts of the situation, including those that you have provided, the Board has decided to dismiss the complaint and close its investigation at this time. This complaint is not public, but will remain on file.

Thank you for your cooperation in this matter. If you have any questions, please feel free to contact me.

Sincerely,

Brian Anderson
Medical Regulations Analyst
612-548-2141
Brian.Anderson@state.mn.us

**EXHIBIT 3**



# MINNESOTA
## BOARD OF MEDICAL PRACTICE

**PERSONAL AND CONFIDENTIAL**

April 1, 2021

*4/8/21 DISMISSED BY MBMP BEFORE I WAS EVEN NOTIFIED OF EXISTENCE OF COMPLAINT.*

Scott M. Jensen, M.D.
9375 Pierson Lake Drive
Chaska, MN  55318

RE: Notice of Board Complaint
Board File No:  BFA01210500

Dear Dr. Jensen:

According to Minnesota law, the Board is required to notify all licensees of complaints and reports wherein violations of the Medical Practice Act are alleged, including but not limited to Minn. Stat. § 147.091, subd. 1(g) and (k).

Please accept this as notice that, in January 2021, the Board received a complaint alleging that you are "very publicly minimizing and "deliberately downplaying" COVID-19 deaths. The complaint included several social media posts purportedly made from your Twitter account since October 2020.

The complaint was reviewed by the Board's Complaint Review Committee on March 25, 2021. After a thorough review of both the Medical Practice Act and the facts of the situation, the Board has decided to dismiss the complaint. The matter is now closed.

Please note that this complaint is not public; however, it will remain on file.

If you have any questions, please feel free to contact me.

Sincerely,

Brian Anderson
Medical Regulations Analyst
612-548-2141
Brian.Anderson@state.mn.us

**EXHIBIT 4**



# MINNESOTA
## BOARD OF MEDICAL PRACTICE



**PERSONAL AND CONFIDENTIAL**

August 3, 2021

Scott M. Jensen, M.D.
9375 Pierson Lake Drive
Chaska, MN  55318

RE:  Complaint Regarding Petition for Temporary Restraining Order Filed in U.S. District Court
       Board File No.: BFA06210913

Dear Dr. Jensen:

The Board has received a complaint regarding a petition for temporary restraining order ("TRO") filed by you, America's Frontline Doctors, and other plaintiffs in the U.S. District Court for the Northern District of Alabama on May 20, 2021. The TRO was reportedly filed against the emergency use authorization permitting the use of COVID-19 vaccines in children under the age of 16.

According to the complaint, the TRO falsely claimed that children under the age of 16 "are at 0% risk of death, and that [children] are not at risk of harm from COVID-19." The complaint further alleged that your "attempt to use the legal system to not allow any children in the U.S. to receive this vaccination during the pandemic...is a gross breach of professional conduct and will lead to measurable harm."

According to state law, the Board is required to make inquiries into all complaints and reports wherein violations of the Medical Practice Act are alleged, including but not limited to Minn. Stat. § 147.091, subd. 1(g)

To help resolve this matter, please respond to the Board, in writing, with the following information by **August 27, 2021:**

- *A description of your current practice situation;*
- *The current status of the TRO and/or the U.S. District Court's ruling on the matter; and*
- *Any additional information that you would like the Board to consider in its review of this matter.*

**With your response, please include a copy of the TRO and any relevant decisions filed by the U.S. District Court.** You may provide this information via U.S. Mail, fax, or email.

Once all of the information has been gathered, the matter will be reviewed by the Board's Complaint Review Committee. This Committee is made up of three members of the Board, including two physicians and one public member. The Complaint Review Committee may decide to dismiss the complaint, request further information, or request that you appear to discuss the matter in person.

Page 2

Please note that these are allegations only. The Board has not made any decisions regarding the truth of these allegations. Your response and all data collected during this inquiry are confidential and cannot be disclosed to anyone, except other state boards and state agencies. Please refer to the Board file number listed above in all correspondence.

I must inform you that, as a licensee of the Board, you are required to cooperate fully with the investigation into this matter. Failure to cooperate could result in disciplinary action by the Board.

Thank you for your cooperation. If you have any questions, please feel free to contact me.

Sincerely,

Brian Anderson
Medical Regulations Analyst
612-548-2141
Brian.Anderson@state.mn.us

PR-1S

**MINNESOTA**
BOARD OF MEDICAL PRACTICE

335 Randolph Avenue, Suite 140
St. Paul, MN 55102
612.617.2130 (phone) | 612.617.2166 (fax)
medical.board@state.mn.us | mn.gov/boards/medical-practice

## PERSONAL AND CONFIDENTIAL

September 30, 2021

Scott M. Jensen, M.D.
9375 Pierson Lake Drive
Chaska, MN 55318

RE: Complaint regarding Petition for TRO Filed in U.S. District Court
Board File No: BFA06210913

Dear Dr. Jensen:

As you will recall from previous contact, the Board of Medical Practice has conducted an investigation of a complaint related to a petition for temporary restraining order filed by America's Frontline Doctors in U.S. District Court in May 2021.

After a thorough review of both the Medical Practice Act and the facts of the situation, including those that you have provided, the Board has decided to dismiss the complaint and close its investigation at this time. However, the investigation may be re-opened in the future if the Board receives information that was not previously considered during the initial investigation of the complaint, or if the Board receives similar complaints or reports regarding your practice of medicine. This complaint is not public, but will remain on file.

Thank you for your cooperation in this matter. If you have any questions, please feel free to contact me.

Sincerely,

Brian Anderson
Medical Regulations Analyst
612-548-2141
Brian.Anderson@state.mn.us

**EXHIBIT 5**

# MINNESOTA
## BOARD OF MEDICAL PRACTICE

**PERSONAL AND CONFIDENTIAL**

October 21, 2021

Scott M. Jensen, M.D.
9375 Pierson Lake Drive
Chaska, MN  55318

**RE:   Notice of Board Complaints**

**Board File Nos:**
BFA09210186, BFA10210192, BFA10210193, BFA10210197, BFA10210223, BFA10210224,
BFA10210225, BFA10210226, BFA10210227, BFA10210228;

Dear Dr. Jensen:

Between September 14 and October 4, 2021, the Board received multiple complaints against your license related to concerns about the COVID-19 pandemic. In accordance with Minnesota law, the Board is required to notify a licensee of all complaints and reports wherein violations of the Medical Practice Act are alleged, including but not limited to Minn. Stat. § 147.091, subd. 1(g) and (k).

The complaint allegations are summarized as follows:

- *It is alleged that you are using your position as a medical provider to spread misinformation regarding the COVID-19 pandemic, including "calling for civil disobedience" among Minnesotans and businesses to ignore vaccine and mask guidance";*
- *It is alleged that you are not vaccinated and are putting patients at risk by not wearing masks in the patient care setting, and you are inappropriately recommending against children wearing masks in schools;*
- *It is alleged that you are inappropriately "politicizing public health" at your campaign events. Specifically, during a public speech on September 20, 2021, you reportedly stated, "We have 19 years of data that says masks don't do the job...They have a 10% filtration rate." Additionally, you reportedly compared the vaccines to "chemotherapy for cancer";*
- *It is alleged that you are telling your "followers" that hospitals and doctors are falsifying death certificates and changing the cause of death to COVID-19;*
- *It is alleged that you are inappropriately promoting the use of ivermectin to treat COVID-19 symptoms; and*
- *It is alleged that you are inappropriately promoting the benefits of natural immunity and over vaccines;*

Please accept this as notice that the above-referenced complaints will be reviewed by the Board's Complaint Review Committee. This Committee is made up of three members of the Board, including two

335 Randolph Avenue, Suite 140 ■ Saint Paul, MN 55102
Telephone (612) 617-2130 ■ Fax (612) 617-2166 ■ www.bmp.state.mn.us
MN Relay Service for Hearing Impaired (800) 627-3529
AN EQUAL OPPORTUNITY EMPLOYER

PR-2

Page 2

physicians and one public member. The Complaint Review Committee may decide to dismiss the complaints, request further information, or request that you appear to discuss the matter in person.

If you would like to submit a written response for the Committee's review, please submit your response and any supporting materials by **November 12, 2021**.

Please note that these are allegations only. The Board makes no assumptions regarding the truth of these allegations. Your response and all data collected during this inquiry are confidential and cannot be disclosed to anyone, except other state boards and state agencies.

I must inform you that, as a licensee of the Board, you are required to cooperate fully with the investigation into this matter. Failure to cooperate could result in disciplinary action by the Board.

Thank you for your cooperation. If you have any questions, please feel free to contact me.

Sincerely,

Brian Anderson
Medical Regulations Analyst
612-548-2141
Brian.Anderson@state.mn.us

PR-2

# **m** MINNESOTA
## BOARD OF MEDICAL PRACTICE

### PERSONAL AND CONFIDENTIAL

December 21, 2021

Scott M. Jensen, M.D.
9375 Pierson Lake Drive
Chaska, MN  55318

RE:  Investigation of Board Complaints – Additional Information Requested
     Board File Nos.:  BFA09210186, BFA10210192, BFA10210193, BFA10210197, BFA10210223,
                BFA10210224, BFA10210225, BFA10210226, BFA10210227, BFA10210228

Dear Dr. Jensen:

As you will recall from previous contact, the Board notified you of the above-referenced complaints on October 21, 2021. Your written response regarding the allegations was received by the Board on November 9, 2021. In your response, you indicated that you have prescribed ivermectin to some of your patients for treatment of COVID-19.

Pursuant to the Board's investigation of this matter, please provide the following records:

- *Copies of medical records for the most recent 3-5 patients to whom you prescribed ivermectin to treat COVID-19.*

Please send the requested records by **January 12, 2022.** You may provide this information via first class U.S. Mail, e-mail, fax, or CD-ROM. Please reference the Board file numbers listed above in all correspondence. All data collected during this inquiry are confidential and cannot be disclosed to anyone, except other state boards and state agencies.

A signed records release form is not available for the patients. Minnesota Statute § 147.161, subd. 3, allows health care providers to release medical records to the Board under such circumstances. This statute provides:

> *"If no consent form has been signed, the hospital or physician shall first delete data in the record which identifies the patient before providing it to the Board."*

Under 45 Code of Federal Regulations, Section 164.512 (d), this information can be disclosed to the Board, as a health oversight agency, without written consent or authorization of the patient or the patient's legal representative.

(cont.)

Page 2

I must inform you that, as a licensee of the Board, you are required to cooperate fully with the investigation into this matter. Failure to cooperate could result in disciplinary action by the Board.   Your cooperation in this matter is appreciated.

Thank you for your cooperation in this matter. If you have any questions, please feel free to contact me.

Sincerely,

Brian Anderson
Medical Regulations Analyst
612-548-2141
Brian.Anderson@state.mn.us

PR-1S

**EXHIBIT 6**

# BEFORE THE MINNESOTA

## BOARD OF MEDICAL PRACTICE

In the Matter of the
Medical License of
Scott M. Jensen, M.D.                                   **NOTICE OF CONFERENCE**
Year of Birth: 1954
License Number: 26965

TO:   Scott Mitchell Jensen, M.D. ("Respondent"), 9375 Pierson Lake Drive, Chaska, Minnesota 55318.

## I.

### The Conference; Jurisdiction.

RESPONDENT IS HEREBY NOTIFIED that the Minnesota Board of Medical Practice ("Board") through its Complaint Review Committee will hold a conference to discuss the above-entitled matter on **February 24, 2023**. In light of the global pandemic, the conference may be held through a virtual conference or at 335 Randolph Avenue, Suite 140, St. Paul, Minnesota 55102. Respondent shall reserve the entire day on Respondent's schedule.

## II.

### The Purpose of the Conference; Allegations.

The purpose of the conference is to discuss Respondent's ability to practice medicine and surgery with reasonable skill and safety to patients. **Please note the following are allegations only. The Complaint Review Committee has made no decision regarding the truth of these allegations. Please provide the Complaint Review Committee, no later than ten days before the date of the conference, with a written response to the allegations herein. Failure to**

*THIS DOCUMENT CONTAINS NON-PUBLIC DATA*

**provide a written response may be viewed as a failure to cooperate under Minnesota Statutes sections 147.131 (2020).**   Specifically, the Complaint Review Committee ("Committee") is seeking information on the following allegations:

<strong>Background</strong>

1.      Respondent was licensed by the Board to practice medicine and surgery in the State of Minnesota on July 1, 1982. Respondent is board certified in family medicine.

<strong>Allegations</strong>

2.      Between April 2020 and June 2022, the Board received 18 complaints related to Respondent's public statements on COVID-19 and patient care. Specifically, the complaints alleged that:

    a.      Respondent promulgated disinformation regarding the COVID-19 pandemic, advised against vaccines and masks, including calling for civil disobedience among Minnesotans and businesses to ignore vaccine and mask guidance, and gave advice that promotes the transmission of COVID-19.

    b.      Respondent claimed that COVID-19 is nothing more than the flu and falsely compared and minimized the difference between the 2009 H1N1 pandemic and COVID-19.

    c.      Respondent promoted conspiracy theories alleging the Minnesota Department of Health instructed providers to falsify death certificates to list COVID-19 as the cause of death, whether or not the patient's underlying or contributing cause of death was COVID-19, when Minnesota was following federal guidance as a measure to better define the scope of the pandemic. Respondent was also "very publicly minimizing" and "deliberately downplaying" COVID-19 deaths.

2

*THIS DOCUMENT CONTAINS NON-PUBLIC DATA*

      d.     Respondent was not vaccinated and was putting patients at risk by not wearing masks in the patient care setting, and he recommended against children wearing masks in schools.

      e.     Respondent attempted to benefit himself by misconstruing medical information to the public in a manner inconsistent with the recommendations of public health officials during a pandemic. Specifically, during a speech on September 20, 2021, Respondent stated, "We have 19 years of data that says masks don't do the job...They have a 10% filtration rate." Additionally, Respondent compared the vaccines to "chemotherapy for cancer."

      f.     Respondent advised patients to take ivermectin without scientific data to support their use in the treatment of patients with COVID-19.

      g.     Respondent promoted the benefits of natural immunity over vaccines.

      h.     On May 20, 2021, Respondent filed a temporary restraining order ("TRO") in the U.S. District Court for Alabama. The TRO was filed against the emergency use authorization permitting the use of COVID-19 vaccines in children under the age of 16. The TRO claimed that children under the age of 16 "are at 0% risk of death, and that [children] are not at risk of harm from COVID-19."

      i.     Respondent falsely claimed to have been a professor at the University of Minnesota medical school for over 30 years when Respondent was a clinical associate.

      3.     The Board has received Respondent's written responses to the Board's requests for additional information. Respondent indicated that:

*THIS DOCUMENT CONTAINS NON-PUBLIC DATA*

      a.      Respondent participated in local, national, and international television and radio shows to discuss COVID-19. Respondent has made hundreds of statements on the floor of the Minnesota Senate, and in various committee meetings. Respondent believes discussing COVID-19 was part of his job as a citizen, physician, and legislator.

      b.      Respondent stated that the underlying COVID-19 virus does have many similarities to other viruses *(e.g.,* the 2002 SARS Corona epidemic and influenza viruses). Respondent stated that he has provided specific contextual comparisons between influenza outbreaks and COVID-19 regarding mortality, testing, latency and incubation periods, modeling uses and shortcomings, and treatment protocols.

      c.      Respondent called for consideration of temporary civil disobedience in response to President Biden's press conference on September 9, 2021, when President Biden announced his intention to impose a vaccine mandate on employers.

      d.      Respondent indicated that an unvaccinated person with a previous COVID-19 infection has the same level of protection as a vaccinated person.

      e.      Respondent did not require masks to be worn at his clinic. Respondent acknowledged that he recommended against young children wearing masks in school unless requested by the child's parents.

      f.      Respondent stated that public health has been "politicized by tens of thousands of people during the course of this pandemic and centering this accusation on [Respondent] is nonsense."

      g.      Respondent denied that he claimed hospitals and doctors are falsifying death certificates.

*THIS DOCUMENT CONTAINS NON-PUBLIC DATA*

     h.    Ivermectin was an approved medication on the World Health Organization's list of essential medicines, and Respondent had "written a handful of prescriptions for COVID-19."

    4.    A review of Respondent's patient medical records where Respondent prescribed Ivermectin revealed the following:

     a.    Respondent's medical record documentation was often illegible.

     b.    In addition to Ivermectin, Respondent prescribed other medications off-label to treat COVID-19.

     c.    Respondent did not document rationale for treating patients with specific medications and did not document any informed consent discussion regarding using medications off-label.

    5.    The Committee reviewed the matter and recommended that Respondent appear before the Committee to discuss the allegations above.

## III.

### The Issues.

The questions to be considered are whether the Complaint Review Committee should conclude, based upon the above-referenced actions, that Respondent:

    1.    Engaged in unethical or improper conduct including but not limited to: conduct likely to deceive, or defraud the public; conduct likely to harm the public; conduct that demonstrates a willful or careless disregard for the health, welfare, or safety of a patient; medical practice that is professionally incompetent; and conduct that may create unnecessary danger to any patient's life, health, or safety, in any of which cases, proof of actual injury need not be established.

*THIS DOCUMENT CONTAINS NON-PUBLIC DATA*

2. Engaged in conduct that departs from or fails to conform to the minimal standards of acceptable and prevailing medical practice in which case proof of actual injury need not be established.

3. Improper management of medical records, including failure to maintain adequate medical records.

4. Inappropriately prescribed or failed to properly prescribe a drug or device, including a drug or device for other than medically accepted therapeutic or experimental or investigative purposes authorized by a state or federal agency.

Such conduct would constitute a violation of Minn. Stat. § 147.091, subd. 1 (g), (k), (o), and (s) (2020). Respondent is urged to attend this conference.

## IV.

### Notice Pursuant to the Minnesota Government Data Practices Act.

The Board Complaint Review Committee is seeking data from Respondent, which may be considered private or confidential under the Minnesota Government Data Practices Act, Minnesota Statutes section 13.01, *et seq.* (2020). Minnesota Statutes section 13.04, subdivision 2 requires the Board to notify Respondent of the following four matters before Respondent is asked to supply any private or confidential information about himself:

1. The data being collected are part of an investigation into Respondent's conduct and will be used by the Board in evaluating complaints made against Respondent to determine whether Respondent has violated any statutes or rules the Board is empowered to enforce.

2. Pursuant to Minnesota Statutes section 147.131 (2020), Respondent is required to cooperate fully with the Board. Cooperation includes responding fully and promptly to any questions raised by or on behalf of the Board relating to the subject of the investigation, executing all releases requested by the Board, providing copies of client records, and appearing at conferences or hearings

6

*THIS DOCUMENT CONTAINS NON-PUBLIC DATA*

scheduled by the Board or its staff. A refusal to answer a question or questions, based on a valid assertion under the Fifth Amendment of the Constitution that Respondent's answer would expose Respondent to a substantial and real threat of implicating himself in a crime, will not be considered to be non-cooperation. However, if Respondent chooses to assert a right not to answer because of the Fifth Amendment, a decision regarding the matter at issue will be made on the basis of the information available to the Board without Respondent's answers.

3.     If Respondent supplies the data requested and they show a violation of any of the statutes or rules enforced by the Board, Respondent may be subject to disciplinary or other action. However, if Respondent refuses to supply requested data (except refusal based on a substantial and real threat of self-incrimination in a criminal proceeding), the Board has the authority under Minnesota Statutes sections 147.091, subdivision 1(u) and 147.141 (2020) to take disciplinary or other action for failure to cooperate with an investigation. If Respondent chooses to exercise a constitutional right to refuse to answer, the Board will base its decision whether to pursue action against Respondent based on the other information which is available to the Board.

4.     Respondent is advised that data which Respondent supplies will be accessible to staff of the Board and the Office of the Attorney General. The data may be released to other persons and/or governmental entities who have statutory authority to review the data, investigate specific conduct and/or take appropriate legal action, including but not limited to, law enforcement agencies, courts, and other regulatory agencies. If the Board institutes a formal disciplinary action against Respondent that is litigated, the information Respondent supplies could become public.

*THIS DOCUMENT CONTAINS NON-PUBLIC DATA*

## V.

### Possible Results of the Conference.

Any one or a combination of the following actions could be taken as a result of or following the conference:

1.    The Complaint Review Committee could conclude the matter based upon its determination that there are insufficient grounds for discipline;

2.    The Complaint Review Committee could enter into an agreement with Respondent for corrective action;

3.    The Complaint Review Committee and Respondent could enter into a stipulation permitting the full Board to issue a mutually agreed upon disciplinary order or remedy; or

4.    The Complaint Review Committee could determine that the matter will be satisfactorily resolved only by a contested case hearing conducted in accordance with the Minnesota Administrative Procedure Act.

## VI.

### Additional Information.

RESPONDENT IS FURTHER NOTIFIED that Respondent may choose to be, though need not be, represented by counsel at the conference and that anything Respondent says may be used as evidence against Respondent should the matter proceed to a formal hearing at a later time. Respondent is further advised that the conference is designed to permit the Complaint Review Committee to seek and clarify information, to provide Respondent with an opportunity to clarify a possible misunderstanding, and to allow the Complaint Review Committee and Respondent to seek resolution and remedy of any possible problems without the necessity of instituting a formal case.

*THIS DOCUMENT CONTAINS NON-PUBLIC DATA*

The Minnesota Government Data Practices Act classifies data relating to a health-related licensing board's investigation of complaints it has received against any licensee as confidential data. Minn. Stat. §§ 13.41, subd. 4; 13.02, subd. 3 (data made confidential by statute or federal law are non-public data). "Any person who willfully violates the provisions of [Minnesota Statutes chapter 13] or whose conduct constitutes the knowing unauthorized acquisition of not public data, as defined in section 13.055, subdivision 1, is guilty of a misdemeanor." Minn. Stat. § 13.09(a).

Please confirm conference attendance by contacting **Bryan Shirley at (612) 548-2146 or Bryan.Shirley@state.mn.us** within 10 days of service of this notice. A conference will be rescheduled only in case of an extreme emergency. Respondent must submit in writing to the Board office any request for rescheduling of the conference within 10 days of service of this notice on Respondent and must state the specific reason why Respondent will be unable to attend the conference. The chair of the Complaint Review Committee will determine whether a request for rescheduling shall be granted or denied.

IF RESPONDENT NEEDS A REASONABLE ACCOMMODATION FOR A DISABILITY in order to participate in the conference, such an accommodation can be made available upon request. Examples of reasonable accommodations include wheelchair accessibility, an interpreter, or Braille or large-print materials. To arrange an accommodation, Respondent may contact Kathy Harris at the Board of Medical Practice, 335 Randolph Avenue, Suite 140, St. Paul, Minnesota 55102, or Respondent may call Voice: (612) 548-2158 or TDD: 1-800-627-3529.

Dated: _January 25_, 2023

MINNESOTA BOARD OF
MEDICAL PRACTICE

per K. L. Van Etta-Olsen
Ruth M. Martinez
Executive Director

9

**The Office of**
# Minnesota Attorney General Keith Ellison
helping people afford their lives and live with dignity and respect   •   *www.ag.state.mn.us*

January 25, 2023

**PERSONAL AND CONFIDENTIAL**

Scott M. Jensen, M.D.
9375 Pierson Lake Drive
Chaska, MN 55318

Re:   **In the Matter of the Medical License of Scott M. Jensen, M.D.**
**License Number:  26965**

Dear Dr. Jensen:

On behalf of the Minnesota Board of Medical Practice Complaint Review Committee, enclosed herewith and served upon you by mail is a Notice of Conference in the above-entitled matter.  You may contact Bryan Shirley, Senior Medical Regulations Analyst for the Board, at (612) 548-2146 or Bryan.Shirley@state.mn.us for more information about what time the conference will be held, for details about how to join, and to confirm attendance.  Also enclosed is an explanatory letter from Ruth M. Martinez, Executive Director of the Minnesota Board of Medical Practice.

Sincerely,

*/s/ Daniel S. Schueppert*
DANIEL S. SCHUEPPERT
Assistant Attorney General
(651) 728-7238 (Voice)
(651) 297-2576 (Fax)
daniel.schueppert@ag.state.mn.us

*Attorney for the Minnesota Board of Medical*
*Practice Complaint Review Committee*

Enclosures

cc:    Complaint Review Committee

|#5414788-v1

 **MINNESOTA**
BOARD OF MEDICAL PRACTICE

Date:      January 25, 2023

To:        Scott M. Jensen, M.D.

From:      Ruth M. Martinez
           Executive Director

Re:        Notice of Conference

The document enclosed in this mailing from the Office of the Attorney General is a
Notice of Conference requesting that you appear at a meeting of the Complaint Review
Committee of the Board of Medical Practice. The purpose of this meeting is for you to
have an opportunity to discuss the issues which are outlined in the Notice itself. It is an
information-gathering step in the committee's examination of these issues. You will be
meeting with a committee of Board members, two physicians and a public member of
the Board. This committee will be assisted by the representative of the Office of the
Attorney General who signed the cover to the Notice, and several staff members. This
meeting is not a hearing, but rather a forum for the committee to have a face-to-face
conversation with you about the concerns expressed in the Notice.

The language of the Notice is quite formal and legalistic. We have been informed that
this is necessary because of the laws which govern how the Board must conduct its
inquiries. The purpose of these laws is to ensure that both you and the Board have the
full protection of the right to due process and legal representation. The intent, however,
is to provide a basis for a discussion between you and the committee which gives you
the opportunity to provide the committee first hand information, and which gives the
committee the opportunity to gain additional information about the issues.

Please feel free to bring any materials with you which you believe would be of
assistance to you in discussing the issues in the Notice. Also, please feel free to bring
any materials which relate to this matter which have not already been provided to the
office of the Attorney General. You, of course, have the right to bring legal counsel with
you.

By:        _Ruth M. Martinez_
           Ruth M. Martinez
           Executive Director

## CERTIFICATE OF SERVICE

Re:   **In the Matter of the Medical License of Scott M. Jensen, M.D.**
       **License Number:  26965**

I, LISA CARPENTIER, hereby certify that on January 25, 2023 at the City of St. Paul, County of Ramsey, and State of Minnesota, I served the attached NOTICE OF CONFERENCE by depositing the same in the United States mail at said city and state, a true and correct copy thereof, properly enveloped with prepaid first-class postage, addressed as follows:

**PERSONAL AND CONFIDENTIAL**

Scott M. Jensen, M.D.
9375 Pierson Lake Drive
Chaska, MN 55318

                                        */s/ Lisa Carpentier*
                                        LISA CARPENTIER