UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DR. SCOTT JENSEN,<br><br>Plaintiff,<br><br>v.<br><br>MINNESOTA BOARD OF MEDICAL PRACTICE; RUTH MARTINEZ, ELIZABETH A. HUNTLEY, CHERYL L. BAILEY, JOHN M. MANAHAN, PETER J. HENRY, in both their individual and official capacities as members of the Minnesota Board of Medical Practice; BRIAN ANDERSON in his individual and official capacity as a medical regulations analysts for the Minnesota Board of Medical Practice, JANE ROES 1-12, in both their individual and official capacities as members of the Minnesota Board of Medical Practice; and JOHN DOES 1-4, in both their individual and official capacities as members of the Minnesota Board of Medical Practice,<br><br>Defendants. | Court File No. 23-CV-01689-JWB-DTS<br><br><br>**REPLY MEMORORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** |

## INTRODUCTION

Plaintiff's Complaint must be dismissed in its entirety with prejudice because Defendants are protected by sovereign and qualified immunity, without applicable exception, and Plaintiff's constitutional claims are without merit.

# ARGUMENT

I. **PLAINTIFF CONCEDES THAT HIS CLAIMS AGAINST THE BOARD AND INDIVIDUALLY NAMED DEFENDANTS IN THEIR OFFICIAL CAPACITIES ARE WITHOUT MERIT.**

Plaintiff has conceded that many of his claims cannot survive Defendants' Motion to Dismiss as a matter of law, stating as follows:

> Plaintiff concedes that precedent concerning the doctrine of sovereign immunity, the Eleventh Amendment, and Section 1983 requires this Court to dismiss Plaintiff's actions against the Board. Likewise, Plaintiff concedes that under current law, the suit must be dismissed as to the official-capacity Defendants as to the claims against them for retrospective relief.

(Plaintiff's Memorandum of Law in Opposition to Motion to Dismiss ("Pl. Mem.") at 39) (citations omitted). Defendants' Motion to Dismiss must be granted accordingly.

First, Plaintiff is correct to concede that all claims against the Board must be dismissed because "[s]overeign immunity does not merely constitute a defense to monetary liability or even to all types of liability. Rather, it provides an immunity from suit." *Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 766 (2002). Further, the *Ex parte Young* doctrine does not permit Plaintiff to pursue a claim of injunction against a state agency. *See Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007). Not only are these claims unwarranted by existing law, Plaintiff has failed to articulate an argument for extending, modifying, or reversing existing law or for establishing new law in support of these claims.

Second, Plaintiff concedes that the only claim he asserts against the remaining Defendants, in their official capacities, is Plaintiff's general request for an injunction

2

against all of them, including twelve Jane Roes, four John Does, and a retired employee of the Board – Ruth Martinez.[1]  Accordingly, the claims in this case have been narrowed to the issues and parties set forth below.  Defendants do not waive arguments from their principal brief that are not included in this reply.

## II. QUALIFIED IMMUNITY BARS PLAINTIFF'S CLAIMS AGAINST DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES.

"To overcome qualified immunity, a plaintiff must be able to prove that every reasonable official would have understood that what he is doing violates a constitutional right . . . and that the constitutional question was beyond debate."  *Story v. Foote*, 782 F.3d 968, 970 (8th Cir. 2015) (internal quotation marks and citation omitted).  Plaintiff has failed to meet this burden because he has not alleged facts supporting a constitutional violation or demonstrated that such a right was clearly established.

### A. Plaintiff Has Not Alleged Facts Supporting a Constitutional Violation.

Plaintiff alleges that Board staff and members violated his constitutional rights by sending letters notifying him that the Board had received complaints about him, seeking a response to the allegations at issue, and scheduling a conference with the Board's Complaint Review Committee ("Committee") to discuss the allegations at issue.[2]

---

[1] The exception to the Eleventh Amendment immunity established by *Ex parte Young* provides that a private party may seek an injunction against state officials in their official capacities in certain circumstances. *Johnson v. Griffin*, 69 F.4th 506, 512 (8th Cir. 2023).

[2] Plaintiff wrongly contends that the Committee violated the Administrative Procedure Act ("APA") by scheduling a conference pursuant to Minnesota Statutes section 214.103, subdivision 6 rather than commencing a contested case proceeding pursuant to section 214.103, subdivision 7.  In fact, the Committee has statutory authority to schedule a conference in an attempt at resolution of complaints before initiating a contested case

Plaintiff cannot claim that "every reasonable official" would have understood that taking such steps, pursuant to the Board's statutory complaint resolution process, "violates a constitutional right." *See Story*, 782 F.3d at 970. Plaintiff ignores the fact that Minnesota law explicitly authorizes a licensing board's executive director to "seek additional information to determine whether the complaint is jurisdictional or to clarify the nature of the allegations" by among other things, "obtaining records or other written material," and "requesting a written response from the subject of the complaint." Minn. Stat. § 214.103, subd. 2. For Plaintiff's claims to survive qualified immunity, he would have to credibly assert that every reasonable government official knows that taking statutorily authorized steps in connection with the Board's duty to receive and resolve complaints would violate his constitutional rights.[3] *See Bennie v. Munn*, 58 F. Supp. 3d 936, 944 (D. Neb. 2014), *aff'd*, 822 F.3d 392 (8th Cir. 2016) (holding that a routine regulatory review of a finance professional's conduct would not have chilled an ordinary person's speech, even when the subject involved political activities and sharp criticism of elected officials). Plaintiff's argument is nonsense and must be rejected.

---

hearing pursuant to the APA. *See* Minn. Stat. § 214.103, subd. 6(a) ("A conference may be held for the purposes of investigation, negotiation, education, or conciliation.").

[3] Minnesota Statutes section 214.103, subdivision 2 provides that the Board shall resolve complaints. Gathering additional information to determine jurisdiction or clarify allegations is a discretionary function. Similarly, holding a conference before initiating a contested case proceeding is discretionary. Minn. Stat. § 214.103, subd. 6. Plaintiff does not, and cannot, claim that Defendants initiated a contested case proceeding seeking to regulate his license under the APA.

### B.     The Alleged Rights Asserted by Plaintiff Were Not Clearly Established.

In order to prevail on the second prong of the qualified immunity analysis, Plaintiff must assert that existing law established that conducting a routine, non-public, investigation into the allegations regarding Plaintiff's conduct was unconstitutional so as to be "beyond debate." *D.C. v. Wesby*, 138 S. Ct. 577, 589 (2018) (citation omitted). "It is not enough that the rule is suggested by then-existent precedent." *Id.* Such law must be "dictated by controlling authority or a robust consensus of cases of persuasive authority" *id.* at 589-90 (internal quotation marks and citations omitted), and present "similar [factual] circumstances." *White v. Pauly*, 580 U.S. 73, 79 (2017); *see also Lane v. Nading*, 927 F.3d 1018, 1022 (8th Cir. 2019) (holding that it was not "beyond debate" that the constitutional rights at issue applied to the facts of the case").

In a failed effort to argue that Defendants' conduct violated a clearly established constitutional right, Plaintiff misplaces reliance on *NIFLA v. Becerra*, which concerned a California law that compelled certain service providers to deliver a specific statement to individuals who sought their services. 138 S. Ct. 2361, 2372 (2018). The Supreme Court's holding in *NIFLA* relied on the fact that the statute at issue was "content-based," rather than "content-neutral." *Id.* at 2371 (confirming that "our precedents distinguish between content-based and content-neutral regulations of speech"). As discussed further below, the Board investigated complaints about Plaintiff's statements on matters of public health, to determine whether they violated Minnesota Statutes section 147.091, subdivision 1(g) or 1(k), provisions that are indisputably content neutral. *See* Minn. Stat. § 147.091, subd. 1(g) (proscribing conduct likely to deceive, defraud, or harm the public)

5

and 1(k) (proscribing practice below minimal standards standards). Plaintiff misconstrues or misrepresents *NIFLA* as standing for the proposition that "professional speech can only be regulated if incidental to conduct, which only occurs in the doctor-patient context, as opposed to public speaking." (Pl. Mem. at 36.) Plaintiff's interpretation of *NIFLA* is erroneous, and certainly does not rise to the level of creating a clearly established right of which Board staff and members, fulfilling their statutory duty to receive and resolve complaints, should have been aware.

### III. PLAINTIFF'S INJUNCTION CLAIM MUST BE DISMISSED BECAUSE THE *EX PARTE YOUNG* EXCEPTION DOES NOT APPLY.

Plaintiff wrongly argues that he is entitled to the *Ex parte Young* exception to sovereign immunity. He is not. "The *Ex parte Young* exception could only apply against state official Defendants in their official capacity 'who threaten and are about to commence proceedings, either of a civil or criminal nature, to enforce . . . an unconstitutional act.'" *281 Care Comm. v. Arneson*, 766 F.3d 774, 797 (8th Cir. 2014). Further, in order for the exception to apply, Plaintiff must state a claim showing "'a sufficient connection between' each defendant and the alleged conduct." *Id.* at 632. If such exceptional circumstances were present in this case, and they are not, Plaintiff would then have to establish that "there is no adequate remedy at law" if the threatened and imminent unconstitutional enforcement action occurs. *Minn. Auto Dealers Ass'n v. Minn. Pollution Cntrl. Agency*, 520 F. Supp. 3d 1126, 1134 (D. Minn. 2021) (quoting *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 381 (1992)).

General allegations against Defendants as a group and allegations based solely on claimed past harms are not enough to survive Defendants' Motion to Dismiss. *See, e.g., City of Los Angeles v. Lyons*, 461 U.S. 95, 101-02 (1983) ("The plaintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical."). "[T]he exception is narrow: It applies only to prospective relief, does not permit judgments against state officers declaring that they violated federal law in the past." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993).

Plaintiff's arguments present no more than pure speculation that if in the hypothetical event that the Board receives a complaint regarding Plaintiff's professional conduct, then the Board might investigate the complaint to gather information to determine, among other things, the Board's jurisdiction pursuant to Minnesota Statutes section 214.103, subdivision 2. This fact—that the Board could receive a complaint about a licensee and commence an investigation as part of its statutory duty to resolve complaints—is true for every licensed physician in the State of Minnesota. There is no ongoing proceeding by the Board, or one that is about to be commenced, resembling an enforcement action against Plaintiff. Nor does Plaintiff's Complaint make such an

allegation. Plaintiff fails to state a claim for an injunction, as the elements relevant to the *Ex parte Young* exception are lacking. Plaintiff's injunction claim must be dismissed with prejudice.[4]

### IV. PLAINTIFF HAS NOT ALLEGED VALID CONSTITUTIONAL CLAIMS REGARDING MINNESOTA STATUTES SECTION 147.091, SUBDIVISION 1(G) AND (K).

#### A. Section 147.091, subdivision 1(g) Cannot Be Facially Unconstitutional.

Plaintiff erroneously contends that Minnesota Statutes section 147.091, subdivision 1(g)(1) and (2) are facially unconstitutional as content-based regulations of speech. Plaintiff's assertion is demonstrably false. The challenged provisions of the Medical Practice Act prohibit (1) conduct likely to deceive or defraud the public and (2) conduct likely to harm the public. These provisions, on their face, do not specifically target speech, and are certainly not content-based. "A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully. . . ." *Phelps-Roper v. Ricketts*, 867 F.3d 883, 891 (8th Cir. 2017) (quoting *U.S. v. Salerno*, 481 U.S. 739, 745 (1987)). To prevail, a plaintiff "must establish that no set of circumstances exists under which [the challenged law] would be valid, or that the statute lacks any plainly legitimate sweep." *Id*. at 891-92.[5] Plaintiff cannot clear this high bar.

---

[4] Plaintiff's declaratory judgement claim must also be dismissed for lack of independent subject matter jurisdiction with dismissal of all other claims.

[5] Plaintiff argues that Minnesota Statutes section 147.091, subdivision 1(k) is facially unconstitutional. Plaintiff's argument, raised here for the first time, fails for the same reasons that Plaintiff's facial unconstitutionality arguments regarding section 147.091, subdivision (g) must be rejected.

Similarly, Plaintiff cannot rely on *NIFLA* to support his claim that Minnesota Statutes section 147.091, subdivision 1(g)(1) and (2) are facially unconstitutional. Plaintiff takes his erroneous interpretation that *NIFLA* only permits regulation of statements made in the context of a doctor-patient relationship while delivering medical care[6] and twists it to mean that if conduct likely to deceive, defraud, or harm the public takes the form of speech, regulation of that conduct must necessarily be out-of-bounds under *NIFLA*. Rather, Minnesota Statutes section 147.091, subdivision 1(g)(1) and (2) are not content-based speech regulations of the type at issue in *NIFLA*. *See NIFLA,* 138 S. Ct. at 2374 (providing examples of content-based laws such as those restricting noncommercial speech, professional fundraisers, and advice in specialized fields, along with content-based regulation of professional speech).[7] Plaintiff's facial challenges to section 147.091, subdivision 1(g)(1) and (2) fail.

**B.    Section 147.091, subdivision 1(g) Is Not Unconstitutionally Overbroad.**

Plaintiff argues that Minnesota Statutes section 147.091, subdivision 1(g) is unconstitutionally overbroad. A statute may be invalidated as overbroad if "a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly

---

[6] Plaintiff repeatedly and wrongly claims that *NIFLA* only permits regulation of speech that occurs within a doctor-patient relationship. (*See* Pl. Mem. at 22, 23, 36.) The term "doctor-patient relationship" appears nowhere in *NIFLA*. 138 S. Ct. 2361 (2018).

[7] A review of other circuit courts' application of *NIFLA* to professional speech reveals a focus on the constitutionality of laws regulating the content of speech, not conduct-based regulations such as Minnesota Statutes section 147.091, subdivision 1(g)(1) and (2). *See, e.g.*, *Otto v. City of Boca Raton, Fla.*, 981 F.3d 854 (11th Cir. 2020); *Tingley v. Ferguson*, 47 F.4th 1055 (9th Cir. 2022); *Recht v. Morrisey*, 32 F.4th 398 (4th Cir. 2022), *cert. denied*, 143 S. Ct. 527 (2022).

legitimate sweep." *Josephine Havlak Photographer, Inc. v. Vill. of Twin Oaks*, 864 F.3d 905, 912 (8th Cir. 2017). Plaintiff states that section 147.091, subdivision 1(g) is overbroad, but fails to support this conclusory statement with any argument whatsoever. (Pl. Mem. at 33.) Plaintiff neither alleges in his complaint, nor argues in his brief, that a "substantial number" of the statute's applications are unconstitutional. Plaintiff's overbreadth challenge is in fact an as-applied challenged, as discussed below.[8] In any event, Plaintiff's argument must be rejected whether characterized as a facial or as-applied challenge.

    **C.    Section 147.091 subdivision 1(g) and (k) Are Not Unconstitutional As-Applied.**

As previously noted, Board staff sent Plaintiff letters notifying him of complaints received by the Board, requesting his response to the allegations at issue, and then requesting his attendance at an investigative conference. These steps were necessary to gather more information about Plaintiff's alleged conduct, including failure to wear a mask in his medical office during a global pandemic, improper prescription of Ivermectin, and calls for Minnesotans to ignore COVID-19 mask and vaccine guidance. *See* Minn. Stat. § 147.091, subd. 1(g) (prohibiting conduct likely to deceive, defraud, or harm the public) and (k) (prohibiting practice below minimal standards). Plaintiff's

---

[8] Plaintiff argues that Minnesota Statutes section 147.091, subdivision 1(g)(1) and (2) are unconstitutionally vague. Plaintiff's Complaint, however, failed to assert a due process vagueness challenge, and such arguments do not survive Defendants' Motion to Dismiss. *See Iqbal*, 556 U.S. at 677-78 (stating that a pleading "must contain a short and plain statement of the claim showing that the pleader is entitled to relief") (quotation omitted).

claims that the Committee's investigation was a pretext for "targeting" his speech rest only on his own conclusory statements. Plaintiff does not allege facts sufficient to show that the Board's application of Minnesota Statutes section 147.091, subdivision 1(g) and 1(k) as applied to him is unconstitutional.

## CONCLUSION

For the foregoing reasons, Defendants request that all claims against them be dismissed with prejudice and that judgment be entered accordingly.

Dated: August 25, 2023

KEITH ELLISON
Attorney General
State of Minnesota


/s/ Nicholas Lienesch
NICHOLAS LIENESCH
Assistant Attorney General
Atty. Reg. No. 0392322

DAVID CULLEN
Assistant Attorney General
Atty. Reg. No. 0338898

445 Minnesota Street, #1400
St. Paul, Minnesota 55101-2131
(651) 757-1315 (Voice)
(651) 297-2576 (Fax)
nicholas.lienesch@ag.state.mn.us

ATTORNEYS FOR DEFENDANTS